Nott, J.
The acceptance of an obligation of an inferior or even of an equal degree docs not extinguish a prior obligation. The taking pf’a new bond is no extinguishment of a prior bond and the obligee may proceed upon either. The giving of a bond for rent is no satisfaction, because the party has a higher security by distress. The instrument produced in this case is nothing more than a promise to pay the rent, which he acknowledges to be due, and the law provides the remedy by distress. (2 Bac. 290. Tit. Debt Roades vs. Barnes, 1 Burr. 9. Higgin’s case, 6 Coke, 45. 1 Espinasse 235. Buller 182.) The court are of opinion therefore, that the plaintiff liad a right to distrain for the first years rent.
The distress for the second years rent was premature. From the phraseology of the note it will hardly admit oí any other construction, but that it was intended as an entire Contract for a year, or for such part of the year as he should continue to occupy the premises. And that construction is strengthened by the consideration that three months of the time had elapsed before the contract was entered into. It could not have been understood that payments should have been monthly. I think, therefore, the landlord was not authorized to distrain, until the.end of the year or until the tenant had terminated the lease by giving notice that he intended to quit.
A new trial must therefore be granted.